## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY JAMES CARLTON II,<br><br>                    Petitioner,<br><br>        v.<br><br>CAPTAIN PATCHETT (CANYON<br>COUNTY JAIL),<br><br>                    Respondent. | Case No. 1:25-cv-00372-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Timothy James Carlton II (Petitioner) is a pretrial detainee housed in the Canyon County Jail. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging several aspects of his ongoing state criminal proceeding.

Rule 1(b) of the Rules Governing Section 2254 Cases (Habeas Rules) provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," such as a § 2241 case. The Court must review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue writs of habeas corpus for criminal defendants held in state custody before trial, conviction, and/or sentencing. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). A

INITIAL REVIEW ORDER - 1

pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of § 2254 petitions). This means that a person in Idaho custody must present a federal constitutional issue to the Idaho Supreme Court in a procedurally proper way before raising that claim in a § 2241 petition in federal court.

### 1.  Claim One: Unreasonable Bond Amount

Petitioner asserts that, in Canyon County criminal case no. CR14-25-06971 (Case 6971), the court set un unreasonably high bail, $500,000, under the circumstances. He was charged with aggravated assault, unlawful possession of a firearm, and being a persistent violator. That case was dismissed upon motion of the prosecutor on September 2, 2025. *See* Idaho Supreme Court Repository at https://portal-idaho.tylertech.cloud/ odysseyportal/Home/WorkspaceMode?p=0 (query: Carlton, Timothy James, II) (accessed 10/05/2025).

After dismissing the charges in Case 6971, the prosecutor refiled them in Canyon County criminal case no. CR14-25-12480 (Case 12480). It appears that Case 12480 proceeded to trial on September 3, 2025. Petitioner was found guilty after jury trial of Count 1; Count 2 was "removed"; and Petitioner was found guilty after a stipulated bench trial of Count 3. During the course of that case, Petitioner's bond was set at only $5,000.

https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (query: Carlton, Timothy James, II) (accessed 10/05/2025).

The Eighth Amendment prohibits excessive bail, excessive fines, and cruel and unusual punishments. U.S. Const. amend. VIII. Bail is excessive under the Eighth Amendment when it is set at a figure higher than an amount reasonably calculated to ensure the asserted governmental interest. *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 4-6 (1951).

When a pretrial detainee challenges a bail determination, a writ of habeas corpus is an available remedy. *Stack*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus).

Here, Petitioner admits he did not exhaust his state court remedies. Dkt. 1 at 2. *Cf. Arevalo*, 882 F.3d at 767 ("He filed two motions with the superior court, a habeas petition with the California Court of Appeal, and a petition for a writ of habeas corpus with the California Supreme Court, each of which was denied.").

The reduction of bond claim is now moot, because the case is over, and Petitioner can be lawfully detained as a result of his conviction as he awaits sentencing. See *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since

INITIAL REVIEW ORDER - 3

[petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented").

Once a detainee has been convicted, a claim for past unlawful pretrial detention or excessive bail may be pursued only as a civil rights claim for which money damages may be sought, not a habeas corpus claim that affects the fact or duration of a petitioner's present confinement. *See Coil v. Bernstein*, No. 2:24-CV-00304-RFB-DJA, 2025 WL 1448465, at *9 (D. Nev. Apr. 3, 2025), *report and recommendation adopted*, No. 2:24-CV-00304-RFB-DJA, 2025 WL 1448564 (D. Nev. May 20, 2025); *Nance v. Paderick*, 368 F. Supp. 547 (W.D. Va. 1973).

Because state court remedies were not exhausted and there is no relief on a pretrial detention issue that can be gained through a federal habeas corpus action now that Petitioner has been convicted, this claim fails to state a claim upon which relief can be granted.

## 2.  Claim Two: Fifth Amendment Double Jeopardy Claim

Petitioner argues that the prosecutor should not have been able to dismiss claims in Case 6971 and refile them in Case 12480. He is mistaken. The Fifth Amendment's protection against double jeopardy does not attach until the defendant is put to trial before the trier of fact. *See Serfass v. United States*, 420 U.S. 377, 388 (1975) (jeopardy attaches when a jury is empaneled and sworn).  Double jeopardy did not attach simply because

INITIAL REVIEW ORDER - 4

charges were filed and dismissed prior to the start of trial in the newer case. These allegations fail to state a claim upon which relief can be granted.

### 3.  Claim Three: Judge's Commentary

Petitioner's claim of judicial bias is based on the following events. The prosecutor stated in open court that he filed a new charge of brandishing a weapon. The judge said the new charge had not yet been docketed on the computer system, but he would "side with the prosecutor" and require the parties to come back in several weeks to see if the new charge had been docketed. Petitioner was unable to object or ask for a bail reduction at the original hearing. He asserts that a judge should have been "a passive, neutral decisionmaker" rather than "siding with the prosecutor" on this issue. Dkt. 1 at 6.

This claim is frivolous. The judge in Petitioner's criminal case is required to make a decision on every motion or issue properly brought before him. In the instance cited, the judge temporarily put off consequential decisions that would have been impacted by a new charge. By the next hearing, if the charge did not show on the docket, the judge was free to make a final decision on what was at issue in the original hearing. The particular words "siding with" a party meant simply that the judge was deciding in favor of one of the parties on whether to proceed or continue the hearing. This continuation of a hearing based upon a report of an officer of the court (the prosecutor) does not show that the judge was partial to the prosecutor or not "neutral." This claim will be dismissed for failure to state a claim.

# ORDER

**IT IS ORDERED:**

1. Petitioner's in Forma Pauperis Application (Dkt. 2) is GRANTED.

2. This case is DISMISSED for failure to exhaust claims, mootness, and failure to state a claim upon which relief can be granted, as described above.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

4. If Petitioner desires to pursue a civil rights claim regarding the bail issue, he must file a civil rights cases and pay the filing fee or submit an in forma pauperis application.



DATED: October 20, 2025

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 6